ACCEPTED
15-24-00007-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/13/2024 4:33 PM
CHRISTOPHER A. PRINE
CLERK



KEN PAXTON

ATTORNEY GENERAL OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/13/2024 4:33:10 PM
CHRISTOPHER A. PRINE
Clerk

BETH KLUSMANN
Assistant Solicitor General

(512) 936-1914
Beth.Klusmann@oag.texas.gov

December 13, 2024

**Via Electronic Filing**

Mr. Christopher A. Prine
Clerk of the Court
Fifteenth Court of Appeals

Re: No. 15-24-00007-CV; *Morath v. Kingsville ISD, et al.*

Dear Mr. Prine:

This letter responds to the Court's request for supplemental briefing on the issue of whether Texas Education Code section 39.151 deprives the trial court of jurisdiction over Plaintiffs' claims.

The Court is "empowered to note potential jurisdictional defects sua sponte," *Rattray v. City of Brownsville*, 662 S.W.3d 860, 869 (Tex. 2023), because resolving such questions is necessary "to ensure that the court itself is functioning in an authorized and properly judicial capacity," *id.* at 867. And even if the jurisdictional issues do not result in dismissal, the Court and parties benefit from confirmation that jurisdiction exists. *See In re Dallas County*, 697 S.W.3d 142, 153 (Tex. 2024) (orig. proceeding).

Here, the potential jurisdictional bar identified by the Court—section 39.151—is unlikely to require dismissal of the case. Although section 39.151 is part of the Legislature's effort to "keep the Commissioner's decisions regarding academic and financial accountability ratings . . . out of the courts," *Honors Acad., Inc. v. TEA*, 555 S.W.3d 54, 71 (Tex. 2018), the text of the statute, the accompanying rules, and the few courts to reference it all suggest that it does not apply in the circumstances present here, where no ratings have yet been issued. As understood by the Commissioner, section 39.151 allows districts to challenge accountability ratings that they have received. Accordingly, it cannot be invoked unless and until the Commissioner issues accountability ratings—the very thing this lawsuit seeks to prevent him from doing.

## I. Section 39.151's Bar Applies After the Commissioner Has Issued Ratings and Districts Have Had an Opportunity to Challenge Them.

The interpretation of any statute begins, and often ends, with its plain text. *Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 857 (Tex. 2024). And here, that text limits section 39.151's application to challenges to "an academic or financial accountability rating." Tex. Educ. Code § 39.151(e). But Plaintiffs are not challenging their accountability ratings—the Commissioner has been enjoined from releasing them. Rather, they are urging the Court to conclude that the Commissioner has no authority to issue ratings to any district in the first place. Applying section 39.151 to bar Plaintiffs' *ultra vires* claims is therefore not consistent with the text. This interpretation is confirmed by the Commissioner's rules, adopted in accordance with section 39.151, and the few applications of section 39.151 in judicial and administrative proceedings.

### A. Section 39.151's text indicates that it applies to challenges to accountability ratings that have been issued by the Commissioner.

In section 39.151, the Legislature instructed the Commissioner to provide, by rule, a process for a school district to "challenge an agency decision made under this chapter relating to an academic or financial accountability rating that affects the district." *Id.* § 39.151(a). The rules must also provide for the appointment of a committee that will make recommendations on a ratings challenge. *Id.* § 39.151(b). After receiving the recommendation of the committee, the Commissioner makes his decision, which is final and may not be appealed under Texas Education Code section 7.057. *Id.* § 39.151(d). In the subsection most relevant to the Court's request for briefing, section 39.151(e) states that a district "may not challenge an agency decision relating to an academic or financial accountability rating under this chapter . . . in another proceeding if the district . . . has had an opportunity to challenge the decision under this section." If this subsection applies, the courts would lack jurisdiction to entertain Plaintiffs' *ultra vires* claims.

Principles of statutory interpretation require the Court to "look to the statute's plain language and to analyze that language contextually and in light of the statute as a whole." *Keyes v. Weller*, 692 S.W.3d 274, 281 (Tex. 2024). Here, that plain language includes (1) an "agency decision" (2) "relating" (3) "to an academic or

financial accountability rating" that (4) the district "has had an opportunity to challenge." Tex. Educ. Code § 39.151(e). The words "agency decision" and "relating" are broad enough to include Plaintiffs' challenges here—the Commissioner's decision to issue late ratings, to use the prior year's CCMR data, and to conclude that TTAC determined the STAAR test to be valid and reliable. All concern decisions that relate to the issuance of ratings.

But the requirement that the challenge involve a "rating" that the district "has had an opportunity to challenge" means that section 39.151 can be invoked only after ratings have issued. Until that occurs, there are no ratings to challenge, and no district "has had an opportunity to challenge" its rating. This interpretation is confirmed by the Legislature's explicit inclusion of one specific decision that may be challenged under section 39.151: "a determination of consecutive school years of unacceptable performance ratings." *Id.* § 39.151(a), (e). A district cannot challenge the Commissioner's "determination" until he has made it. Likewise, a district cannot challenge a rating until the Commissioner has issued it.

Accordingly, unless and until the Commissioner issues accountability ratings, section 39.151(e)'s bar on raising challenges to those ratings in other proceedings does not apply. Thus, the text of section 39.151 does not support a conclusion that jurisdiction is lacking here.

### B. The Commissioner has interpreted section 39.151 to apply to appeals of ratings that have been issued to districts.

As required by section 39.151(a), the Commissioner has adopted rules that allow a district to challenge its academic rating. He does so annually by including the procedures as part of the Accountability Manual, which the Commissioner adopts as a rule every year. Accordingly, the rules and procedures that would be used in any challenge under section 39.151 for the 2022-2023 school year are found in the 2023 Accountability Manual that was adopted in the fall of 2023. 48 Tex. Reg. 6593 (Nov. 10, 2023).[1] For the Court's convenience, the Commissioner has attached "Chapter

---

[1] The 2023 Manual may be found online at https://tea.texas.gov/texas-schools/accountability/academic-accountability/performance-reporting/2023-accountability-manual-full.pdf.

8—Appealing the Ratings" from the 2023 Accountability Manual as an appendix to this letter.

The Commissioner's rules implementing section 39.151 reflect his understanding that the section allows districts to appeal a rating only after it has been issued by the Commissioner. Although Texas courts have not adopted the federal agency-deference doctrines, they will still "generally uphold an agency's interpretation of a statute it is charged by the Legislature with enforcing, so long as the construction is reasonable and does not contradict the plain language of the statute." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 625 (Tex. 2011) (cleaned up). To do so, however, the court must first "endeavor to decide for itself what the statutory text means so that it can determine whether the agency's construction contradicts the statute's plain language." *Sirius XM Radio, Inc. v. Hegar*, 643 S.W.3d 402, 407 (Tex. 2022) (citing *TCEQ v. Maverick County*, 642 S.W.3d 537, 543-44 (Tex. 2022)).

As described above, the text of section 39.151 suggests that it applies when a district desires to challenge a decision concerning an accountability rating that has been issued, and the rules adopted by the Commissioner are consistent with that interpretation. Two specific aspects of those rules confirm that understanding: (1) the deadlines for appealing a rating decision, and (2) the permissible subject matter of such appeals.

*First*, the 2023 Accountability Manual sets the deadlines for appealing a 2022-2023 rating decision based on the Commissioner's then-existing plan to release the ratings in November 2023. As the Manual envisions, (1) preliminary ratings would be released on November 14, (2) appeals could then be filed from November 14 through December 19, (3) appeals would be decided by the Commissioner in February 2024, and (4) ratings would become final in February 2024. App. 87-88. In other words, the release of the (preliminary) ratings is what triggers the window to appeal under the Commissioner's rules implementing section 39.151. But the release of the ratings is what Plaintiffs seek to prevent and have prevented through the district court's temporary injunction and the Third Court's administrative stay. Thus, under the rules adopted by the Commissioner, no Plaintiff "has had an opportunity to challenge" any decision regarding their yet-to-be-released ratings, *see* Tex. Educ. Code § 39.151(e), because the deadline to do so has not started to run.

*Second*, the subject matter of such appeals also reflects the Commissioner's understanding that section 39.151 applies to district-specific ratings challenges, as opposed to larger legal issues that impact all districts. For example, while the Manual states that "[d]istricts and charter schools may appeal for any reason," it also notes that "the accountability system requires that the rules be applied uniformly." App. 88. Consequently, the Manual makes clear that "requests for exceptions to the rules for a district, charter school, or campus are viewed unfavorably and will most likely be denied." *Id.* Thus, a single district filing an appeal of its rating under section 39.151 would have difficulty obtaining relief if the appeal raised a legal issue (like those raised by Plaintiffs) that impacts the Commissioner's ability to issue ratings at all. Accordingly, the Commissioner instructs districts to focus their appeals on miscalculations by TEA: "The basis for appeals should be a data or calculation error attributable to TEA, an E[ducation] S[ervice] C[enter], or the testing contractor(s)." *Id.*

Similarly, the Accountability Manual makes explicit that "[r]equests to modify the 2023 state accountability calculations adopted by commissioner rule are not considered." App. 89. Instead, the Manual advises that such challenges should be brought under the Administrative Procedures Act in Texas Government Code chapter 2001. *Id.* The Accountability Manual similarly explains that requests to modify the accountability methodology are considered unfavorably on appeal. App. 89-90. Thus, Plaintiffs' claims that the methods used by the Commissioner to issue and assign ratings would likely not even be considered in a section 39.151 proceeding.

The rules adopted by the Commissioner for challenges under section 39.151 do not encompass the type of claims that Plaintiffs are bringing here. Although the text of section 39.151 is controlling, the Commissioner's rules are consistent with that text and reflect that Plaintiffs' claims are not jurisdictionally barred by section 39.151, even if they are jurisdictionally barred for other reasons.

## C. The few judicial and administrative decisions involving section 39.151 concern individual appeals of specific ratings.

**1.** The Texas Supreme Court has also recognized that court decisions, although "not themselves the statutes that they interpret," can nevertheless provide "authoritative and binding constructions of those statutes." *Brown v. City of*

*Houston*, 660 S.W.3d 749, 752 (Tex. 2023). Here, however, there are few courts that reference section 39.151, and none that offer a definitive interpretation.

In *Honors Academy*, the Supreme Court identified section 39.151 as part of the Legislature's efforts to keep the Commissioner's ratings decisions out of the courts. 555 S.W.3d at 71-72. But that section's bar on raising such challenges in other proceedings was not addressed: Although the petitioner in that case asserted that the Commissioner had wrongly restricted the subject matter of appeals that could be brought under section 39.151 (in a since-repealed rule), the Court concluded that the petitioner's claims had been considered and rejected in multiple administrative proceedings. *Id.* at 75-77 (discussing 19 Tex. Admin. Code § 109.1002). As a result, the Court did not rule on the scope of section 39.151 and the types of challenges that may be brought under it. Relevant to this case, however, the section 39.151 process had been used by the petitioner to challenge a financial accountability rating *after* the rating had issued. *Id.* at 75.

Similarly, in *Morath v. Progreso ISD*, the Third Court concluded that section 39.151's finality provisions precluded an *ultra vires* claim challenging the Commissioner's decision to lower a district's accreditation rating. No. 03-16-00254-CV, 2017 WL 6273192, at *4 (Tex. App.—Austin Dec. 7, 2017, pet. denied). As in *Honors Academy*, the district had appealed the Commissioner's decision under section 39.151 *after* he had made it known. *Id.* at *2 (noting that Progreso ISD sought both formal and informal review of the decision to lower the rating). There was, therefore, no reason for the court to further analyze section 39.151.

**2.** There are also a handful of administrative decisions that reference section 39.151. Most are in the context of a charter school seeking review of the Commissioner's decision to revoke its charter based on consecutive years of poor ratings. The decisions simply note that the school had an opportunity to challenge a rating under section 39.151 prior to pursuing relief from revocation of the charter. *E.g.*, *TEA v. Acad. of Careers & Techs. Inc.*, No. 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, 2015 WL 4932668, at *3-*4 (SOAH May 21, 2015); *TEA v. Bright Ideas Sch., Inc.*, No. 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, 2015 WL 4940546, at *2-*3 (SOAH May 18, 2015). Thus, in neither the judicial nor administrative context has a judge interpreted the scope of section 39.151.

\* \* \*

In sum, while there is some broad language in section 39.151, the requirement of a "rating" and an opportunity to challenge decisions relating to that rating indicate that section 39.151(e), and its bar on other proceedings, applies only after the Commissioner issues ratings and individual districts have an opportunity to appeal them. The Commissioner has incorporated this understanding into his rules, and the application of section 39.151 has thus far has been limited to challenging ratings that have been issued by the Commissioner.

## II. Because Plaintiffs Seek to Prevent the Commissioner from Issuing Ratings, Section 39.151 Likely Does Not Preclude Their *Ultra Vires* Claims.

If section 39.151 is interpreted as described above, it does not operate to bar Plaintiffs' *ultra vires* claims because (1) the Commissioner has not yet issued ratings, and (2) no district has had an opportunity to challenge decisions relating to its rating. Thus, under the plain text of section 39.151(e), there is no bar on other proceedings (like this one), and section 39.151 does not deprive the district court of jurisdiction.[2] Similarly, the Commissioner's rules would not permit a section 39.151 challenge at this time, given that the deadlines have not yet been triggered by the issuance of ratings. Further, because Plaintiffs' claims concern the Commissioner's authority to issue ratings generally, they are unsuited to the district-specific nature of a section 39.151 challenge, as each district would be seeking to be excepted from the rules that would be applied to every other district.

If the Commissioner is permitted to issue ratings, districts may challenge those ratings through section 39.151 and the Commissioner's rules. But until then, it would be premature to bar Plaintiffs' claims, which cannot yet be brought under section 39.151. Accordingly, although the Commissioner believes this suit is jurisdictionally barred, it is not because of section 39.151.

---

[2] To be clear, though, the district court still lacked jurisdiction for the reasons stated in the Commissioner's briefing and at argument.

Respectfully submitted.

/s/ Beth Klusmann
Beth Klusmann
Assistant Solicitor General
State Bar No. 24036918

*Counsel for the Commissioner*

# APPENDIX

**2023 Accountability Manual
Chapter 8—Appealing the Ratings**

# Chapter 8—Appealing the Ratings

The commissioner of education is required to provide a process for school districts (districts) or open-enrollment charter schools (charter schools) to challenge an agency decision relating to an academic rating that affects the district or school, including a determination of consecutive school years of unacceptable performance ratings (Texas Education Code [TEC], §39.151).

## Appeals Process Overview and Calendar

While districts and charter schools may appeal for any reason, the accountability system framework limits the likelihood that a single indicator or measure will result in a reduced rating. For this reason, a successful accountability appeal is usually limited to such rare cases as a data or calculation error attributable to the testing contractor(s), a regional education service center (ESC), or the Texas Education Agency (TEA). Online applications provided by TEA and the testing contractors ensure that districts and charter schools are aware of data correction opportunities, particularly through TSDS PEIMS data submissions and the Test Information Distribution Engine (TIDE). District and charter school responsibility for data quality is the cornerstone of a fair and uniform rating determination.

District and charter school appeals that challenge the agency determination of the accountability rating and/or determination of consecutive school years of unacceptable performance ratings are carefully reviewed by an external panel. District superintendents and chief operating officers of charter schools may appeal accountability ratings by following the guidelines in this chapter. Local Accountability System (LAS) districts and open-enrollment charter schools that wish to appeal LAS campus ratings must follow the LAS appeals process in the *Local Accountability System Guide*.

Following are the dates for appealing ratings. These deadlines are final. To maintain a fair appeal process, late appeals are denied. Please see "Chapter 12 —Calendar" for more information.

| Date | Appeal Process |
|---|---|
| November 14, 2023 | *Ratings Release on TEAL.* No appeals will be resolved before the public release of ratings. |
| November 16, 2023 | *Preliminary Ratings and Preliminary Count of Consecutive Years of Unacceptable Performance Release on TEA Public Website.* Ratings and counts of consecutive years are subject to change due to the results of an audit, investigation, or appeal. |
| November 14– December 19, 2023 | *2023 Appeals Window.* Appeals may be submitted by the superintendent or chief operating officer once ratings and year counts are released. Districts and charter schools register their intent to appeal using the TEA Login (TEAL) Accountability application and mail their appeal letter with supporting documentation. Appeals not signed by the district superintendent or chief operating officer of the charter school are denied. See the "How to Appeal" section later in this chapter. |
| December 19, 2023 | *Appeals Deadline.* Appeals must be uploaded in the TEAL Accountability Appeals system, postmarked, or hand-delivered no later than December 19, 2023, 5:00 p.m. CDT, to be considered. |

| Date | Appeal Process |
|------|----------------|
| February 2024 | *Decisions Released.* Commissioner's decisions are mailed in the form of response letters to each district and charter school that filed an appeal by the December 19 deadline. Letters are posted to the TEAL Accountability application. |
| February 2024 | *Final Ratings and Count of Consecutive Years of Unacceptable Performance Release.* The outcomes of all appeals are reflected in the ratings and year counts update scheduled for February 2024. The TEAL and public websites are updated. Ratings and year counts are subject to change due to the results of an audit, investigation, or appeal. |

## General Considerations

The basis for appeals should be a data or calculation error attributable to TEA, an ESC, or the testing contractor(s). The appeals process is not an appropriate method to correct data that were inaccurately reported by the district. A district that submits inaccurate data must follow the procedures and timelines for resubmitting data (e.g., the Texas Education Data Standards). Appeals based on poor data quality will not receive favorable consideration. Poor data quality can, however, be a reason to lower a district's accreditation status (TEC §39.052[b][2][A][i]). When a district or campus rating is changed as the result of an appeal, the data, and calculations on which the original rating was based are not changed; only the rating and affected scaled scores are changed. The Accountability Report Card and all other reports related to accountability for the 2022–23 school year (e.g., School Report Cards, TAPR, etc.) will include the same data and calculations as do the original reports.

Districts and charter schools may appeal for any reason. However, the accountability system requires that the rules be applied uniformly. Therefore, requests for exceptions to the rules for a district, charter school, or campus are viewed unfavorably and will most likely be denied.

- Districts and charter schools may appeal any overall or domain rating, any campus overall or domain rating, and/or determination of consecutive school years of unacceptable performance ratings.

- Only appeals that would result in a changed scaled score are considered. For its appeal to be considered, a district, charter school, or campus must explain how the proposed change will affect the district, charter school, or campus rating. The district, charter school, or campus must submit all relevant data and revised calculations that support all requirements for a higher rating. All supporting documentation must be submitted at the time of the appeal. Districts and charter schools will not be prompted for additional materials.

- Per TAC 97.1061(j), districts, charter schools, and campuses must engage in required interventions that begin upon release of preliminary ratings. Interventions may only be adjusted based on final accountability ratings.

- Appeals of the Closing the Gaps domain will not affect identification for the comprehensive, targeted, or additional targeted interventions as this identification is based on November 2023 accountability data. District, charter school, or campus intervention requirements are determined in part by the current rating outcome. Requests to waive school improvement requirements are not considered an appeal of the accountability rating and are, therefore, denied.

- Campuses identified for comprehensive, targeted, or additional targeted support interventions may not appeal the designation as this identification is based on November 2023 accountability data.

- Districts and charter schools are responsible for providing accurate information to TEA, including information provided on student answer documents or submitted via online testing systems. Districts and charter schools have several opportunities to confirm and correct data submitted for accountability purposes during the correction window.

- In order to be considered for 2023 accountability calculations, all TELPAS rescore requests must be made on or before the deadline provided in the Calendar of Events. The outcomes of these requests will be included in the final CAF and used to calculate preliminary ratings. Rescore requests submitted after the deadline will not be considered during the appeals process.

- The appeals process is not a permissible method to correct data that were inaccurately reported by the district or charter school. Appeals from districts and charter schools that missed data resubmission window opportunities are denied. Appeal requests for data corrections for the following submissions are not considered:
  *TSDS PEIMS data submissions for the following:*
  o Student identification information or program participation

  o Student racial/ethnic categories

  o Student economic status

  o Student at-risk status

  o Student attribution codes

  o Student leaver data

  o Student grade-level enrollment data

  o Student course completion

  *STAAR, STAAR Alternate 2, TELPAS Alternate, and TELPAS TIDE data, specifically, the following:*
  o Student identification information, demographic, or program participation

  o Student racial/ethnic categories

  o Student economic status

  o Score codes or test version codes

  o Student year in U.S. schools information reported on TELPAS

  o Campus ID

- Requests to modify the 2023 state accountability calculations adopted by commissioner rule are not considered. Commissioner rules are adopted under the Administrative Procedures Act (APA) in Texas Government Code Chapter 2001, and challenges to a commissioner rule should be made under that chapter of the Government Code. Recommendations for changes to state accountability rules submitted to the agency outside of the appeals process may be considered by accountability advisory groups for future accountability cycles.

- Requests to modify statutorily required implementation rules defined by the commissioner are not considered. TSDS PEIMS requirements, campus identifications, and statutorily required exclusions are based on data submitted by districts. These data reporting requirements are reviewed by the appropriate advisory committee(s), such as the TEA Information Task Force (ITF) and Policy Committee on Public Education Information (PCPEI). Recommendations for changes to agency rules submitted outside of the appeals process may be considered as the appropriate advisory groups

reconvene annually. Examples of issues considered unfavorably by TEA on appeal are described below.

- o *Late Online Application Requests.* Requests to submit or provide information after the deadline of the online alternative education accountability (AEA) campus registration (5:00 p.m. CDT on April 7, 2023) or the pairing application (5:00 p.m. CDT on May 5, 2023)

- o *Inclusion or exclusion of specific test results*
  - Grade-level mathematics assessment for a middle school student who took the Algebra I end-of-course (EOC)

- o *Late rescore requests*
  - Requests made after the deadline provided in the Calendar of Events

- o *Inclusion or exclusion of specific students*
  - Emergent Bilingual (EB) students/English learners (ELs)
  - Unschooled asylees, unschooled refugees, and students with interrupted formal education
  - Students receiving special education services

- o *Requests to modify calculations or methodology applied to all campuses*
  - EL performance measures; longitudinal graduation rates; annual dropout rates; college, career, and military readiness indicators
  - Campus mobility/accountability subsets
  - Rounding
  - Minimum size criteria
  - Small-numbers analysis
  - Student groups evaluated in Closing the Gaps

- o *Requests to modify provisions or methodology applied to accountability*
  - *AEA Provisions.* Requests for consideration of campus registration criteria, at-risk or grades 6–12 enrollment criteria, previous year safeguard methodology, dropout recovery school (DRS) designations, and to waive the alternative education campus (AEC) enrollment criterion for charter schools
  - *School Types.* The four campus types categories used for 2023 accountability are identified based on TSDS PEIMS enrollment data submitted in fall 2022. Requests to redefine the grade spans that determine school types
  - *Campus Configuration Changes.* Districts and charter schools have the opportunity to determine changes in campus identification numbers and grade configurations. Requests for consideration of accountability rules based on changes in campus configurations are, therefore, viewed unfavorably
  - *New Campuses.* Requests to assign a *Not Rated* label to campuses that are rated in their first year of operation
  - *District Proportional Ratings.* Requests to not rate districts based on the proportional outcomes of their campuses.

## Data Relevant to the Prior-Year Results

Appeals are considered for the 2023 ratings status based on information relevant to the 2023 evaluation. Appeals are not considered for circumstances that may have affected the prior-year measures, regardless of whether the prior-year results impacted the current-year rating.

## No Guaranteed Outcomes

Each appeal is evaluated on the details of its unique situation. Well-written appeals that follow the guidelines are more easily processed but not automatically granted.

## Special Circumstance Appeals

- *Other Issues.* If other serious issues are found, copies of correspondence with the testing contractor(s), the regional ESC, or TEA must be provided with the appeal.

- *Online Testing Errors.* Appeals based on STAAR or TELPAS online test submission errors must include documentation or validation of the administration of the assessment.

- *Years in U.S. Schools.* Districts and charter schools should include documentation demonstrating that using prior-spring TELPAS records for students taking EOCs in summer or fall would result in a higher accountability rating.

- *Special Program Campuses.* Districts and charter schools should include documentation demonstrating the special nature of a campus designed to serve a specific population such as a campus designed solely to serve students receiving transition services under an individualized education program or a newcomer center designed specifically to serve unschooled asylees and refugees or students with interrupted formal education.

### *Not Rated* Appeals

Districts, charter schools, and campuses assigned *Not Rated* labels are responsible for appealing this rating by the appeal deadline if the basis for this rating was due to special circumstance or error by the testing contractor(s). If TEA determines that the *Not Rated* label was indeed due to special circumstances, it may assign a revised rating.

## Distinction Designations

Decisions regarding distinction designations cannot be appealed. Indicators for distinctions are reported for most districts, charter schools, and campuses regardless of eligibility for a designation. Districts, charter schools, and campuses receiving an unacceptable rating are not eligible for a distinction. Districts, charter schools, and campuses that appeal an unacceptable rating will automatically receive any distinction designation earned if their appeal is granted and the district, charter school, or campus rating is revised to an acceptable rating; however, if a district, charter school, or campus appeals an acceptable rating and the appeal is granted, no adjustments will be made to distinction designation(s) awarded with the preliminary rating. Please see Chapter 9 for further information on acceptable and unacceptable ratings.

## How to Submit an Appeal

Districts and charter schools should file their intent to appeal district, charter school, or campus ratings using the TEAL Accountability application. This confidential online system provides a mechanism for tracking all accountability rating appeals, allows districts and charter schools to upload an electronic copy of their appeal(s), and monitor the status of their appeal(s).

After filing an intent to appeal, districts and charter schools must either upload an appeal packet in the TEAL Accountability application or mail an appeal packet including all supporting documentation necessary for TEA to process the appeal. Filing an intent to appeal does not constitute an appeal. To file an intent to appeal:

1. Log on to TEAL at https://tealprod.tea.state.tx.us/.

2. Click *ACCT – Accountability*.

3. From the Welcome page, click the *Notification of Intent to Appeal* link and follow the instructions.

   The *Notification of Intent to Appeal* link will be available during the appeals window from Tuesday, November 14 through 5:00 p.m. CDT on Tuesday, December 19. The status of the appeal (e.g., intent notification and receipt of documentation) will be available on the TEAL Accountability application.

District superintendents and charter school chief operating officers who do not have TEAL access must request access at the TEA Secure Applications Information page at https://tea.texas.gov/About_TEA/Other_Services/Secure_Applications/TEA__Secure_Applications_Information/.

- Districts and charter schools must submit their appeal either by upload or in hard copy to TEA by 5:00 p.m. CDT on December 19, 2023. The appeal must include the following:

  o A statement that the letter is an appeal of a 2023 accountability rating and/or an appeal of the determination of consecutive school years of unacceptable performance ratings

  o The name and ID number of the district, open-enrollment charter school, or campus(es) to which the appeal applies

  o For consecutive years appeals, the specific year(s) rating appealed. Appeals should be focused solely on how the information provided directly affects the count of the consecutive school years of unacceptable performance ratings, including details of how a prior issued rating should be overturned

  o The specific indicator(s) appealed

  o The special circumstance(s) regarding the appeal, including details of the data affected and what caused the problem

  o If applicable, the reason(s) why the cause for appeal is attributable to TEA, a regional ESC, or the testing contractor(s)

  o The effect(s) a granted appeal would have on the district, charter school, and/or campuses

  o The reason(s) why granting the appeal may result in a revised rating, including calculations and data that support that rating

  o A statement that all information included in the appeal is true and correct to the best of the district superintendent's or charter school chief operating officer's knowledge and belief

  o The district superintendent's or charter school chief operating officer's signature on official district or charter school letterhead

- If mailed, the appeal shall be addressed to the Performance Reporting Division as follows:

```
┌─────────────────────────────────────────────────────────────────┐
│ Your ISD                                          ┌──────────┐    │
│ Your address                                      │          │    │
│ City, TX Zip                                      │ postage  │    │
│              Performance Reporting Division       │          │    │
│              Texas Education Agency               └──────────┘    │
│              1701 North Congress Avenue                           │
│              Austin, TX 78701-1494                               │
│                                                                   │
│      Attn: Accountability Ratings Appeal                          │
│                                                                   │
└─────────────────────────────────────────────────────────────────┘
```

- The letter of appeal should be addressed to Mr. Mike Morath, Commissioner of Education (see example letters on the following page).

- Appeals for more than one campus, including alternative education campuses, within a single district or charter school must be included in the same letter.

- Appeals for more than one indicator must be included in the same letter.

- All appeals and supporting documentation must be included in the original appeal submission. The appeal must contain information for all the campuses for which the district or charter school is appealing. If the district or charter school is appealing the district or charter school rating, this documentation must also be included in the original appeal.

- It is the district's or charter school's responsibility to ensure all relevant information is included in an appeal at the time of submission as districts and charter schools will not be prompted for additional materials.

- If the appeal will impact the rating of the district, the charter school, or a paired campus, the consequence must be noted.

- Appeals postmarked after December 19, 2023, are not considered. Appeals delivered to TEA in person must be time-stamped by the Performance Reporting Division before 5:00 p.m. CDT on December 19, 2023. Overnight courier tickets or tracking documentation must indicate package pickup on or before December 19.

- Only provide one copy of the appeal letter and/or supporting documentation.

- Districts and charter schools are encouraged to obtain delivery confirmation services from their mail courier.

- When student-level information is in question, supporting documentation must be provided for review (i.e., a list of the students by name and identification number). It is not sufficient to reference indicator data without providing documentation with which the appeal can be researched and evaluated. *Confidential student-level documentation included in the appeal packet will be processed and stored in a secure location and accessible only by TEA staff authorized to view confidential student results. Please clearly mark any page that contains confidential student data.*

- If the appeal involves student-level information, the following table shows an example of the data needed in order for staff researchers to validate appeal statements. Appeals submitted without sufficient data cannot be processed.

| Data Element | Note |
|---|---|
| County-District-Campus-Number | 9-digits |
| District Name | |
| Campus Name | |
| Student ID | TSDS Unique ID or student's TEMP ID used in TIDE |
| Last Name | |
| First Name | |
| Test Administration | e.g. spring administration |
| Subject Information | e.g. reading/language arts (RLA), mathematics, science |

Examples of satisfactory and unsatisfactory appeals are provided for illustration only.

| Satisfactory Appeal: | Unsatisfactory Appeals: |
|---|---|
| Dear Commissioner Morath, | Dear Commissioner Morath, |
| This is an appeal of the 2023 accountability rating issued for Elm Street Elementary School (ID 123456789) in Elm ISD (123456). | This is an appeal of the 2023 accountability rating issued for Elm Street Elementary School (ID 123456789) in Elm ISD (123456). |
| Specifically, I am appealing the overall and Closing the Gaps domain ratings. One Elm Street student was excluded from the economically disadvantaged student group preventing Elm Street Elementary from achieving a rating of *C*. | Specifically, I am appealing the Closing the Gaps Academic Achievement indicator in RLA for the Hispanic student group. This is the only indicator keeping Elm Street Elementary from achieving a rating of *C*. |
| The first attachment shows that this Elm Street Elementary student was correctly coded as economically disadvantaged in the district's PEIMS record as well as TIDE for those test administrations. | My analysis shows a coding change made to one student's race/ethnicity in TIDE was in error. One fifth grade Hispanic student was miscoded as white. Had this student, who achieved Meets Grade Level on the RLA test, been included in the Hispanic student group, this group would have met the target and earned 3 points. Removing this student from the white student group does not cause the white student group performance to change. |
| The second attachment shows the recalculated percentages in the Closing the Gaps domain and the overall rating for Elm Elementary with the inclusion of this student in the economically disadvantaged group. | |
| We recognize the appeal process as the mechanism to address these unique issues. By my signature below, I certify that all information included in this appeal is true and correct to the best of my knowledge and belief. | We recognize the importance of accurate data coding and have put new procedures in place to prevent this from occurring in the future. |
| Sincerely,<br>J. Q. Educator<br>Superintendent of Schools<br>*Attachments* | Sincerely,<br>J. Q. Educator<br>Superintendent of Schools<br>*Attachments* |
| | Dear Commissioner Morath, |
| | Maple ISD feels that its rating should be an *A*. The discrepancy occurs because TEA shows the performance in the Student Achievement domain for English is 48%. |
| | We have sent two assessments back for rescoring and are confident they will be changed to Masters Grade Level. |
| | Sincerely,<br>J. Q. Educator<br>Superintendent of Schools |
| | *(no attachments)* |

## How an Appeal is Processed by the Agency

- The Performance Reporting Division receives an appeal packet either via the TEAL Accountability upload or by mail.

- Once the appeal is received, TEA staff updates the TEAL Accountability application to reflect the postmark or upload date for each appeal and, if mailed, the date on which each appeal packet is received by the agency. Districts and charter schools may monitor the status of their appeal(s) using the TEAL Accountability application.

- Researchers evaluate the request using agency data sources to validate the statements made to the extent possible. The agency examines all relevant data, *not just the results for students specifically named in the appeal.*

- Researchers analyze the effect that granting a campus appeal may have on other campuses in the district or charter school (such as paired campuses), even if they are not specifically named in the appeal. Similarly, the effect that granting a campus appeal may have on the district or charter school is evaluated, even if the district or charter school is not named in the appeal. In single-campus districts or charter schools, both the campus and district or charter school are evaluated, regardless of whether the district or charter school submits the appeal as a campus or district or charter school appeal.

- Staff prepares a recommendation and submits it to an external panel for review.

- The review panel examines all appeals, supporting documentation, staff research, and the staff recommendation. The panel determines its recommendation.

- The panel's recommendations are forwarded to the commissioner.

- The commissioner makes the final decision on all appeals.

- District superintendents and charter school chief operating officers receive written notification of the commissioner's decision and the rationale upon which the decision is based. The commissioner's response letters are posted to the TEAL Accountability application at the same time the letters are mailed. District superintendents and charter school chief operating officers are also notified via email that appeal decisions are available on TEAL.

- If an appeal is granted, the data upon which the appeal is based are not modified. Accountability and performance reports, as well as all other publications reflecting accountability data, must report the data as submitted to the TEA. Accountability data are subject to scrutiny by the Office of the State Auditor.

The commissioner's decisions are final and not subject to further appeal or negotiation. The letter from the commissioner serves as notification of the final district or campus rating. Districts and charter schools may publicize the changed ratings at that time. The agency website and other accountability products are updated in December after the resolution of all appeals to reflect any changed rating. When a district, charter school, or campus rating is changed as the result of an appeal, the data, and calculations on which the original rating was based are not changed; only the rating itself is changed. The Accountability Report Card and all other reports related to accountability for the 2022–23school year (e.g., School Report Cards, TAPR) will include the same data and calculations as do the original reports.

## Relationship to the Federal Accountability Indicators, PBM, and Effective Schools Framework

Federal accountability indicators, Results Driven Accountability (RDA) indicators, and Effective Schools Framework (ESF) intervention requirements are considered when evaluating the appeal. District or charter school data submitted through TSDS PEIMS or to the state testing contractor(s) are also considered. Certain appeal requests may lead to audits by the Data Reporting Compliance Unit, investigations by the Special Investigations Unit, and/or the need for the Division of School Improvement to address potential issues related to data integrity.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Villarreal on behalf of Beth Klusmann
Bar No. 24036918
nancy.villarreal@oag.texas.gov
Envelope ID: 95315868
Filing Code Description: Other Brief
Filing Description: 20241213 KingsvilleISD SuppBr_Final
Status as of 12/13/2024 4:46 PM CST

Associated Case Party: Kingsville ISD, et al.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin OHanlon | | kohanlon@808west.com | 12/13/2024 4:33:10 PM | SENT |
| David Campbell | | dcampbell@808west.com | 12/13/2024 4:33:10 PM | SENT |
| Nick Maddox | | nmaddox@808west.com | 12/13/2024 4:33:10 PM | SENT |
| Benjamin Castillo | | bcastillo@808west.com | 12/13/2024 4:33:10 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 12/13/2024 4:33:10 PM | SENT |
| Kathryn French | | kfrench@808west.com | 12/13/2024 4:33:10 PM | SENT |

Associated Case Party: Office of the Texas Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Beth Klusmann | | beth.klusmann@oag.texas.gov | 12/13/2024 4:33:10 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 12/13/2024 4:33:10 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 12/13/2024 4:33:10 PM | SENT |
| David Thompson | | dthompson@thompsonhorton.com | 12/13/2024 4:33:10 PM | SENT |
| David J.Campbell | | dcampbell@808west.com | 12/13/2024 4:33:10 PM | SENT |